```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ALLSTATE INSURANCE COMANY,

                            Plaintiff(s),          ORDER
                                                   CV 08-3576  (JFB) (WDW)
          -against-

JAMES M. LIGUORI, M.D., et al.,

                            Defendant(s).
----------------------------------------------------------X
```
**WALL, Magistrate Judge:**

Pending before the court is a motion by plaintiff Allstate Insurance Company ("Allstate") seeking an order compelling production of documents concerning an investigation of defendant Dr. James Liguori by the New York Office of Professional Medical Conduct ("OPMC"). *See* Docket Entry ("DE") [19]. Plaintiff does not seek the materials directly from the OPMC, but rather wants an order directing defendant and his attorneys to produce documents in their possession regarding the investigation. Defendants have opposed the motion and seeks sanctions. *See* DE [20]. For the reasons set forth herein, both the motion to compel and the request for sanctions are denied.

## BACKGROUND

Allstate commenced this action alleging fraud, unjust enrichment, and seeking a declaratory judgment and a permanent injunction that it need not make additional payments to defendants because of the alleged fraud. According to Allstate, Dr. Liguori fraudulently billed for electrodiagnostic tests that were fabricated or not performed. Compl. ¶1.

Defendants have withheld production of documents that were created in 2008 during an investigation of Dr. Liguori by the OPMC. The investigation resulted in the entry of a Consent

Order dated August 7, 2008.  *See* Pl's ltr, Ex. B.  The Statement of Charges underlying the Consent Order contained one factual allegation, that "[d]uring periods between on or about November 21, 2002 and on or about July 13, 2005, Respondent evaluated and treated Patients A-E, and failed to maintain records adequately reflecting his evaluation of the patients."  The sole charge against Dr. Liguori was that he committed "professional misconduct as defined in N.Y. Educ. Law §6530(32) by failing to maintain a record for each patient which accurately reflects the care and treatment of the patient" as alleged in the factual statement.

Allstate notes that the Statement of Charges "are not specific as to the precise conduct that led to Liguori's discipline," but argues that the disciplinary action of requiring Dr. Liguori to complete a continuing education course suggests that the underlying conduct may be relevant to this litigation.  Pl's ltr., at 2.  Allstate seeks an order compelling defendants to produce documents in their possession that they have withheld as privileged.  The defendants have provided a privilege log for the documents at issue.[1]

## DISCUSSION

Defendants argue that the documents sought are not relevant within the meaning of Rule 26 of the Federal Rules of Civil Procedure since the OPMC investigation did not result in a charge of fraud or excessive testing.  The court conducted an *in camera* review of the documents, and upon that review, finds that most of the documents are not relevant.  There are, however, a small number that may contain relevant material that could possibly lead to the discovery of

---

[1]This motion was made subsequent to an essentially identical motion made by State Farm Insurance Company in its case against the same defendants, CV 08-0967 (hereinafter the "State Farm action").  Allstate adopts the arguments made by State Farm in that case, *see* Allstate Ltr n.2, and defendants restate their opposition from the other case in this matter.  Defs' Ltr at 2.

admissible evidence. Thus, the issue of whether those documents are protected from production due to a privilege must be addressed.

Defendants claim that the OPMC investigatory files are protected from disclosure under various provisions of New York state law.[2] Public Health Law §230 provides in part that OPMC files "relating to the investigation of possible instances of professional misconduct shall be confidential and not subject to disclosure at the request of any person, except as provided by law in a pending disciplinary action or proceeding." Public Health Law ("PHL") §230(10)(a)(v). The statute further provides that "neither the proceedings nor the records of any such committee shall be subject to disclosure under article thirty-one of the civil practice law and rules," PHL §230(9), and that information "obtained by medical experts in consultations, including the names of licensees or patients, shall be confidential and shall not be disclosed except as otherwise authorized or required by law." PHL §230(10)(a)(ii). The relevant materials here were created and maintained as part of the OPMC's investigation of Dr. Liguori.

At the outset, Allstate argues that the defendants have waived any privilege they may have had for their failure to timely raise it, and that their initial agreement to produce the materials constitutes a waiver of any privilege. Defendants counter that there was no waiver since the documents were in the possession of their attorneys and the documents were never requested from counsel, and that they timely produced a privilege log as soon as they realized that there were documents in the possession of the attorneys. Allstate's argument is short on specifics, including the timing and method of the alleged "agreement" or waiver. On the record before it, the court cannot find that defendants waived any privilege they may have as to these

---

[2]The parties agree that New York law applies in this diversity action.

3

materials.

Regardless of the alleged waiver, Allstate argues that PHL §230 does not protect documents that are not in the OPMC's possession. It argues that since it is seeking only documents in the custody and control of defendants and their counsel and not from the OPMC directly, PHL §230 does not apply.[3] Allstate's support for this argument is found in a footnote of a single case which stated that PHL §230(10)(a)(v) "makes confidential the records held by the OPMC itself, however, not the records retained by the hospital." *Tartaglia v. Paul Revere Life Ins. Co.,* 948 F. Supp. 325, 330 n.2 (S.D.N.Y. 1996).

In *Tartaglia,* the court was referring to protection under PHL §230 available to *hospital* records in the possession of the OPMC and clearly stated that only those copies "held" by the OPMC were confidential, and not those "retained" by the hospital. In other words, documents that are not otherwise privileged do not attain protection outside the OPMC's files merely because the OPMC has obtained a copy of those documents. In the current case, however, Allstate seeks production of materials actually created by the OPMC during the investigation, not simply copies of documents created in the course of business upon which the OPMC may have relied during its proceedings. In such an instance, the distinction between who holds copies of the OPMC-created materials is immaterial in determining whether the privilege should apply.

Having decided that Allstate's pursuit of the documents from Dr. Liguori instead of the OPMC is not determinative, it must be decided whether the materials are protected by the state privilege. Allstate argues, citing the New York Court of Appeals case of *Anonymous v. Bureau*

---

[3]The record is silent as to whether Allstate has attempted to subpoena these materials directly from the OPMC.

*of Professional Med'l Conduct,* 2 N.Y.3d 663, 669 (2004), that the Department of Health has a "policy of making public records of proceedings" that result in discipline. This argument, while correct, misses the point – *Anonymous* pertains to the confidentiality of *proceedings*, not investigation files. As the *Anonymous* court suggested, Dr. Liguori's guilty plea is public information, and the Statement of Charges and Consent Agreement are public documents. What Allstate seeks here, however, is the investigatory materials collected and prepared by the OPMC during its investigation of Dr. Liguori. PHL §230(10)(a)(v) clearly provides that the OPMC's files "relating to the investigation of possible instances of professional misconduct shall be confidential and not subject to disclosure at the request of any person." Allstate has provided no case law to support its contention that the confidentiality of OPMC investigation files should be breached. Accordingly, Allstate's motion to compel is denied.

Finally, defendants seek the imposition of sanctions against plaintiff for making this motion. They note that the identical motion was already *sub judice* in the State Farm action, and that they had agreed to provide Allstate with the same documents, if any, that they may have been ordered to produce in the State Farm action. According to defendants, Allstate's sole purpose in making the motion here was to "unreasonably and vexatiously multiply these proceedings." Defs' ltr at 1. Allstate insists that it was merely preserving its rights in this litigation. *See* DE [21]. Clearly, the ruling in the State Farm action would not constitute law of the case in this

action, and the court sees no reason to dispute Allstate's right to make this motion. Thus, defendants' request for sanctions is denied.

Dated: Central Islip, New York
June 24, 2010

**SO ORDERED:**

 /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge